UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
COVENTRY ENTERPRISES LLC, a Delaware
Limited Liability Company,

              Plaintiff,            **MEMORANDUM AND ORDER**

    - against -                    14 Civ. 8727 (NRB)

SANOMEDICS INTERNATIONAL HOLDINGS, INC., a
Nevada corporation; CLSS HOLDINGS, LLC, a
limited liability company of unknown
origin,

             Defendants.
------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

      Although the parties have reached agreement that this action falls within the Court's subject-matter jurisdiction, the record does not yet support such a conclusion. Having a duty not to exceed our jurisdiction, we write to direct the parties to supplement the record with the necessary jurisdictional facts.

      Diversity of citizenship is the only asserted basis for jurisdiction. Compl. ¶ 6. The statute conferring original jurisdiction on the federal courts on this basis, 28 U.S.C. § 1332(a), requires "'complete diversity' of citizenship." <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 187 (1990) (citing <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806)). In other words, there must be "no plaintiff and no defendant who are citizens of the same State." <u>Wis. Dep't of Corr. v. Schacht</u>, 524 U.S. 381, 388 (1998).

For the purpose of diversity jurisdiction, "in order to be a citizen of a State . . . , a natural person must be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) (emphasis omitted). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998) (internal quotation marks omitted). Thus, the residence of a person in a State does not by itself suffice to establish that the person is a citizen of that State. See Canedy v. Liberty Mut. Ins. Co., 126 F.3d 100, 103 (2d Cir. 1997); John Birch Soc'y v. Nat'l Broad. Co., 377 F.2d 194, 199 (2d Cir. 1967). A corporation is "deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1); see also Hertz Corp. v. Friend, 559 U.S. 77 (2010) (defining a corporation's "principal place of business" as its "nerve center"). A limited liability company is deemed to have the citizenship of each of its members. See Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012); Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000).

The citizenship of two of the three parties to this action remains in doubt.  Plaintiff Coventry Enterprises LLC ("Coventry") is alleged to be a limited liability company.  Compl. ¶ 2. Defendant has submitted declarations of Coventry's two members, stating the residence of each of them.  See Bodenstein Decl. ¶ 6; Eisenberg Decl. ¶¶ 5, 6.  As these declarations (like the complaint) are silent as to their national citizenships and domiciles, they do not suffice to establish the State citizenship of either those persons or, therefore, of Coventry itself.

Defendant CLSS Holdings, LLC ("CLSS"), is alleged to be "an LLC of unknown origin with its principal offices located [in] . . . Florida."  Compl. ¶ 5.  Assuming that CLSS is indeed a limited liability company, its citizenship turns on that of its members. However, neither the complaint nor the motion papers adequately describes the citizenship of CLSS's members.  A further complication is posed by the affidavit of "the President and member" of CLSS calling CLSS a "corporation."  Sizer Aff. ¶ 1.

We are aware that, after defendants' counsel contested the existence of diversity jurisdiction in a December 12, 2014 pre-motion letter, and after that issue was discussed in a December 23, 2014 pre-motion teleconference with the Court, defendants agreed, in a stipulation submitted with defendants' pending motion, to withdraw their contention that diversity jurisdiction does not

exist.  But "parties cannot confer jurisdiction on a federal court by consent or stipulation," <u>Reale Int'l, Inc. v. Fed. Republic of Nigeria</u>, 647 F.2d 330, 331 (2d Cir. 1981), and "[f]ederal courts have a duty to inquire into their subject matter jurisdiction sua sponte, even when the parties do not contest the issue," <u>D'Amico Dry Ltd. V. Primera Mar. (Hellas) Ltd.</u>, 756 F.3d 151, 161 (2d Cir. 2014).  Ultimately, the burden of establishing federal subject-matter jurisdiction rests on the proponent of jurisdiction.  <u>See, e.g.</u>, <u>Hertz Corp. v. Friend</u>, 559 U.S. at 96.

Because defendants have joined plaintiff as proponents of federal jurisdiction, it is appropriate to direct defendants to produce evidence supporting such jurisdiction.  Therefore, defendants are directed to produce an amended or supplemental affidavit of Mr. Sizer stating:  (1) whether CLSS is a corporation or a limited liability company; and (2) if CLSS is a corporation, its place of incorporation and principal place of business, or if CLSS is a limited liability company, its member(s) and their citizenships (<u>i.e.</u>, if they are natural person(s), their national citizenship(s) and State(s) of domicile).  Plaintiff is directed to produce amended or supplemental declarations from Messrs. Bodenstein and Eisenberg stating their citizenships (<u>i.e.</u>, their national citizenships and States of domicile).

If such supplementation of the record establishes that the exercise of jurisdiction would be proper on the basis of uncontested facts, the Court will "deem the pleadings amended so as to properly allege diversity jurisdiction." Canedy, 126 F.3d at 103. The Court will expect the parties' submissions within two weeks.

**IT IS SO ORDERED.**

Dated:   New York, New York
         April 1, 2015

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

**Attorney for Plaintiff**

Stanley C. Morris, Esq.
Corrigan & Morris, LLP
201 Santa Monica Blvd., Suite 475
Santa Monica, CA 90401

**Attorney for Defendants**

D. Giacomo Vilella, Esq.
225 Broadway, Suite 2000
New York, NY 10007